

```
FILED
April 19, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003432994
```

1  WRIGHT, FINLAY & ZAK, LLP
2  Nichole L. Glowin, Esq. SBN 262932
   4665 MacArthur Court, Suite 280
3  Newport Beach, CA  92660
   Tel: (949) 477-5050; Fax: (949) 477-9200
4  nglowin@wrightlegal.net

5  Attorneys for Movant,
6  IBM Lender Business Process Services, Inc. as servicer for Federal National Mortgage
   Association, its successors and/or assigns
7

8
                    UNITED STATES BANKRUPTCY COURT
9
              EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION
10

11 In re:                                        )  Case No.:  08-30690
                                                 )
12 CHRISTOPHER L. ANDROKITIS dba                 )  Assigned for all purposes to the Honorable
   AMERICAS BBO ISLANDS FROM CA                  )  Ronald H. Sargis
13 and JENNIFER R. ANDROKITIS aka                )
   JENNIFIER R. ANDROKITIS,                      )  Chapter: 13
14                                               )
                                                 )
15              Debtors.                         )  DC No. NLG-1
                                                 )
16 _____              )
   IBM Lender Business Process Services, Inc.    )  **MOTION FOR RELIEF FROM**
17 as servicer for Federal National Mortgage     )  **AUTOMATIC STAY UNDER 11 U.S.C. §**
   Association, its successors and/or assigns,   )  **362 (REAL PROPERTY)**
18                                               )
              Movant,                            )  Date:   May 26, 2011
19                                               )  Time:   9:30 a.m.
   vs.                                           )  Crtrm:  33, Dept. E.
20                                               )  Place:  501 I Street, Suite 3-200
                                                 )          Sacramento, California 95814
21 CHRISTOPHER L. ANDROKITIS dba                 )
   AMERICAS BBO ISLANDS FROM CA,                 )
22 Debtor; JENNIFER R. ANDROKITIS aka            )
   JENNIFIER R. ANDROKITIS, Joint Debtor         )
23 and LAWRENCE J. LOHEIT, Chapter 13            )
24 Trustee,                                      )
              Respondents.                       )
25 _____              )

26
         TO THE HONORABLE RONALD H. SARGIS, UNITED STATES
27
   BANKRUPTCY JUDGE, THE DEBTORS, THE CHAPTER 13 TRUSTEE, THEIR
28
   COUNSEL OF RECORD, IF ANY, AND ALL OTHER INTERESTED PARTIES

                                         1
                   MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant, IBM Lender Business Process Services, Inc. as servicer for Federal National Mortgage Association, its successors and/or assigns, ("Movant"), respectfully represents as follows:

1. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

2. On or about October 12, 2006, Debtor and Joint Debtor, CHRISTOPHER L. ANDROKITIS and JENNIFER ANDROKITIS (hereinafter collectively referred to as "Debtors"), for valuable consideration, executed and delivered a Note ("Note") in favor of the Sacramento 1st Mortgage ("Lender"), in the principal sum of $365,000.00, which was secured by a Deed of Trust ("Deed of Trust") of even date recorded against the property commonly referred to as 1505 Rundel Way, Roseville, California 95747 ("Property"), in the Official Records for the County of Placer, on or about October 20, 2006, as Instrument No. 2006-0112685. True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits "1" and "2," respectively and are incorporated herein by reference as though set forth in full.

3. Pursuant to the Note, Debtors were obligated to make monthly payments commencing December 1, 2006, and continuing on the first day of each consecutive month thereafter until November 1, 2036, when all outstanding amounts become due and payable. Pursuant to the Deed of Trust, attorney's fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note.

4. Shortly after executing the Note and Deed of Trust, on or about August 1, 2008, Debtors filed a joint petition under Chapter 13 of the United States Bankruptcy Code thereby commencing the within case, Case No. 08-30690 ("Bankruptcy Action"). Respondent, LAWRENCE J. LOHEIT was appointed as Trustee of Debtors Chapter 13 estate in the Bankruptcy Action.

5. After the inception of the Bankruptcy Action, on or about October 9, 2008, the successor-in-interest to the original Lender under the Note and Deed of Trust, Aurora Loan Services, LLC ("Aurora") filed a Proof of Claim in the Bankruptcy Action. The Proof of Claim stated that as of the time of the filing of the Bankruptcy Action the current amount owed under

1  the Note and Deed of Trust approximately totaled $361,843.94. A true and correct copy of the
2  Proof of Claim is attached hereto as Exhibit "3" and is incorporated herein by reference as
3  though set forth in full.
4      6.    On or about September 29, 2008, the Court entered an Order ("Order Confirming
5  Plan") confirming Debtors proposed Chapter 13 Plan ("Plan") which provided that Debtors
6  would continue to make the monthly mortgage payments of approximately $2,500.00 under the
7  Note and Deed of Trust to Aurora as required. True and correct copies of the Debtors Plan and
8  Order Confirming the Plan are attached hereto as Exhibits "4" and "5," respectively and are
9  incorporated herein by reference as though set forth in full.
10     7.    In or about January of 2010, Debtors defaulted under the terms of the Note and
11 Deed of Trust and their Chapter 13 Plan by failing to make the monthly mortgage payment and
12 subsequent mortgage payments to Aurora.
13     8.    On or about August 12, 2010, Aurora filed a Notice of Intent to Transfer Claim
14 ("Notice of Transfer") which indicated that their interest under the Note and Deed of Trust and
15 the rights to payment under the Plan, were being transferred to the Movant, herein, IBM Lender
16 Business Process Services, Inc. as servicer for Federal National Mortgage Association, its
17 successors and/or assigns. In concurrence with the filing of the Notice of Transfer Aurora also
18 assigned Movant all rights under the Note and Deed of Trust by way of an Assignment executed
19 on February 10, 2011. True and correct copies of the Notice of Transfer and the Assignment are
20 attached hereto as Exhibits "6" and 7," respectively and are incorporated herein by reference as
21 though set forth in full.
22     9.    Movant is the current legal holder of the Note and Deed of Trust and is currently
23 suffering the effects of Debtors' default under the Note and Deed of Trust and their Chapter 13
24 Plan. Accordingly, Movant must seek relief from the automatic stay with this Court to exercise
25 its non-bankruptcy rights and remedies in the Property under the Note and Deed of Trust,
26 including the right to begin foreclosure proceedings.
27     10.   The fair market value of the Property as of the date of the commencement of this
28 case was $360,000.00 as reflected in the Schedule A and Schedule D filed by Debtors herein,

true and correct copies of which are attached hereto as Exhibit "8" collectively and are incorporated herein by reference as though set forth in full.

11. Movant is informed and believes and thereon alleges that after deduction of all liens against the Property, in the total amount of $387,648.77 ($362,005.42 principal balance + $25,643.35 in default amounts and costs first Deed of Trust = $ 387,648.77), as set forth in Movant's Relief from Stay Cover Sheet filed concurrently herewith, there is no equity in the Property for the benefit of Debtors or this estate, not even taking into consideration costs of sale at the rate of 8%:

| | |
|---|---|
| Fair Market Value: | $ 360,000.00 |
| Less: | |
| Movant's Trust Deed | $ 387,648.77.[1] |
| Equity in the Property: | ($27,648.77) |

12. Pursuant to 11 U.S.C. §362(d)(2) the automatic stay may be annulled, modified or terminated if there is no equity in the Property and the Property is not necessary to an effective reorganization. Cause therefore exists to grant Movants Motion for Relief from stay as that there is no equity left in the Property and the Property is not necessary for the reorganization of the Debtors' Chapter 13 bankruptcy estate.

13. Pursuant to 11 U.S.C. §362(a)(1) and (d)(1), further cause exists to grant Movants' Motion to lift the automatic stay as Debtors have defaulted under the terms of their confirmed Chapter 13 Plan by failing to make the monthly mortgage payments to the Movant due under the Note and Deed of Trust.

14. Pursuant to 11 U.S.C. §362(d)(1), further cause exists to grant Movants' Motion and to lift the automatic stay as Movant's interest in the Property is not adequately protected by a cushion of equity and the Movant is not receiving any payments from the Debtors with respect to the Property.

---

[1] See Relief from Stay Cover Sheet which states that the total claim for Movant is $298,220.00 principal plus $47,051.88 in defaults under the Note and Deed of Trust for a total of $345,271.88.

15. As a result of the automatic stay in force during the pendency of this bankruptcy case, Movant is precluded from recovering possession of the Property. It is submitted that the foregoing authorities provide a mandate for relief from stay.

Accordingly, relief from automatic stay should be granted to Movant pursuant to 11 U.S.C. Section 362.

**WHEREFORE, Movant prays for judgment as follows:**

(1). For an order terminating the automatic stay herein so that Movant, IBM Lender Business Process Services, Inc as servicer for Federal National Mortgage Association, its successors and/or assigns, may exercise and/or caused to be exercised any and all rights under the Note and Deed of Trust, including without limitation, the right to commence and/or consummate foreclosure proceedings and the right to take any and all actions necessary as provided by applicable law to obtain possession of the Property, including without limitation proceeding in an unlawful detainer action.

(2). That the attorney's fees and costs incurred by Movant in filing and prosecuting the instant Motion be included in the outstanding balance of the Note as allowed under applicable law.

(3). That the order will be binding in any and all chapters following any later conversion of this case to a case under a different chapter of Title 11 of the United States Bankruptcy Code, unless a specific exception has been provided herein.

(4). For a waiver of the 14 day stay prescribed in Bankruptcy Rule 4001(a)(3).

(5). For such other and further relief as the Court deems appropriate.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: April 19, 2011          By:   /s/ Nichole L. Glowin, Esq.
                                     Nichole L. Glowin, Esq.
                                     Attorney for Movant, IBM Lender Business
                                     Process Services, Inc. as servicer for Federal
                                     National Mortgage Association, its
                                     successors and/or assigns