

```
WRIGHT, FINLAY & ZAK, LLP
Donna L. La Porte, Esq., SBN 93428
Nichole L. Glowin, Esq. SBN 262932
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
dlaporte@wrightlegal.net; nglowin@wrightlegal.net

Attorneys for Movant,
IBM Lender Business Process Services, Inc. as servicer for Federal National Mortgage
Association, its successors and/or assigns
```

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No.: 08-30690 |
| CHRISTOPHER L. ANDROKITIS dba AMERICAS BBO ISLANDS FROM CA and JENNIFER R. ANDROKITIS aka JENNIFIER R. ANDROKITIS, | Assigned for all purposes to the Honorable Ronald H. Sargis<br><br>Chapter: 13 |
| Debtors. | DC No. NLG-1 |
| IBM Lender Business Process Services, Inc. as servicer for Federal National Mortgage Association, its successors and/or assigns,<br><br>Movant,<br><br>vs.<br><br>CHRISTOPHER L. ANDROKITIS dba AMERICAS BBO ISLANDS FROM CA, Debtor; JENNIFER R. ANDROKITIS aka JENNIFIER R. ANDROKITIS, Joint Debtor) and LAWRENCE J. LOHEIT, Chapter 13 Trustee,<br>Respondents. | **DECLARATION OF ROSE NGI IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**<br><br>Date: May 26, 2011<br>Time: 9:30 a.m.<br>Crtrm: 33, Dept. E.<br>Place: 501 I Street, Suite 3-200<br>Sacramento, California 95814 |

I, Rose Ngi, hereby declare as follows:

1. I am employed as a Bankruptcy Account Officer on behalf of the Movant, IBM Lender Business Process Services, Inc. as servicer for Federal National Mortgage Association,

its successors and/or assigns, ("Movant"), who is the holder of the beneficial interest under the Note and Deed of Trust described herein. In this capacity, I am one of the custodians of the books, records, files and banking records of Movant, as those books, records, files and banking records pertain to the subject loan described herein. These records are made by Movant in the ordinary course of business by persons who have a business duty to make such records. These records were made at or near the time of the occurrence of the event or events of which they are a record.

2. I have personally reviewed Movant's records as they relate to the loan obligation referred to herein, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the Movant's business records.

3. On or about October 12, 2006, Debtor and Joint Debtor, CHRISTOPHER L. ANDROKITIS and JENNIFER ANDROKITIS (hereinafter collectively referred to as "Debtors"), for valuable consideration, executed and delivered a Note ("Note") in favor of the Sacramento 1st Mortgage ("Lender"), in the principal sum of $365,000.00, which was secured by a Deed of Trust ("Deed of Trust") of even date recorded against the property commonly referred to as 1505 Rundel Way, Roseville, California 95747 ("Property"), in the Official Records for the County of Placer, on or about October 20, 2006, as Instrument No. 2006-0112685. True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits "1" and "2," respectively and are incorporated herein by reference as though set forth in full.

4. Pursuant to the Note, Debtors were obligated to make monthly payments commencing December 1, 2006, and continuing on the first day of each consecutive month thereafter until November 1, 2036, when all outstanding amounts become due and payable. Pursuant to the Deed of Trust, attorney's fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note.

5. Shortly after executing the Note and Deed of Trust, on or about August 1, 2008, Debtors filed a joint petition under Chapter 13 of the United States Bankruptcy Code thereby commencing the within case, Case No. 08-30690 ("Bankruptcy Action"). Respondent,

LAWRENCE J. LOHEIT was appointed as Trustee of Debtors Chapter 13 estate in the Bankruptcy Action.

6. After the inception of the Bankruptcy Action, on or about October 9, 2008, the successor-in-interest to the original Lender under the Note and Deed of Trust, Aurora Loan Services, LLC ("Aurora") filed a Proof of Claim in the Bankruptcy Action. The Proof of Claim stated that as of the time of the filing of the Bankruptcy Action the current amount owed under the Note and Deed of Trust approximately totaled $361,843.94. A true and correct copy of the Proof of Claim is attached hereto as Exhibit "3" and is incorporated herein by reference as though set forth in full.

7. On or about September 29, 2008, the Court entered an Order ("Order Confirming Plan") confirming Debtors proposed Chapter 13 Plan ("Plan") which provided that Debtors would continue to make the monthly mortgage payments of approximately $2,500.00 under the Note and Deed of Trust to Aurora as required. True and correct copies of the Debtors Plan and Order Confirming the Plan are attached hereto as Exhibits "4" and "5," respectively and are incorporated herein by reference as though set forth in full.

8. In or about January of 2010, Debtors defaulted under the terms of the Note and Deed of Trust and their Chapter 13 Plan by failing to make the monthly mortgage payment and subsequent mortgage payments to Aurora.

9. On or about August 12, 2010, Aurora filed a Notice of Intent to Transfer Claim ("Notice of Transfer") which indicated that their interest under the Note and Deed of Trust and the rights to payment under the Plan, were being transferred to the Movant, herein, IBM Lender Business Process Services, Inc. as servicer for Federal National Mortgage Association, its successors and/or assigns. In concurrence with the filing of the Notice of Transfer Aurora also assigned Movant all rights under the Note and Deed of Trust by way of an Assignment executed on February 10, 2011. True and correct copies of the Notice of Transfer and the Assignment are attached hereto as Exhibits "6" and 7," respectively and are incorporated herein by reference as though set forth in full.

1  10. Movant is the current legal holder of the Note and Deed of Trust and is currently suffering the effects of Debtors' default under the Note and Deed of Trust and their Chapter 13 Plan. Accordingly, Movant must seek relief from the automatic stay with this Court to exercise its non-bankruptcy rights and remedies in the Property under the Note and Deed of Trust, including the right to begin foreclosure proceedings.

11. The fair market value of the Property as of the date of the commencement of this case was $360,000.00 as reflected in the Schedule A and Schedule D filed by Debtors herein, true and correct copies of which are attached hereto as Exhibit "8" collectively and are incorporated herein by reference as though set forth in full.

12. Movant is informed and believes and thereon alleges that after deduction of all liens against the Property, in the total amount of $387,648.77 ($362,005.42 principal balance + $25,643.35 in default amounts and costs first Deed of Trust = $ 387,648.77), as set forth in Movant's Relief from Stay Cover Sheet filed concurrently herewith, there is no equity in the Property for the benefit of Debtors or this estate, not even taking into consideration costs of sale at the rate of 8%:

| | |
|---|---|
| Fair Market Value: | $ 360,000.00 |
| Less: | |
| Movant's Trust Deed | $ 387,648.77.[1] |
| Equity in the Property: | ($27,648.77) |

13. Pursuant to 11 U.S.C. §362(d)(2) the automatic stay may be annulled, modified or terminated if there is no equity in the Property and the Property is not necessary to an effective reorganization. Cause therefore exists to grant Movants Motion for Relief from stay as that there is no equity left in the Property and the Property is not necessary for the reorganization of the Debtors' Chapter 13 bankruptcy estate.

---

[1] See Relief from Stay Cover Sheet which states that the total claim for Movant is $298,220.00 principal plus $47,051.88 in defaults under the Note and Deed of Trust for a total of $345,271.88.

1   14.   Pursuant to 11 U.S.C. §362(a)(1) and (d)(1), further cause exists to grant Movants' Motion to lift the automatic stay as Debtors have defaulted under the terms of their confirmed Chapter 13 Plan by failing to make the monthly mortgage payments to the Movant due under the Note and Deed of Trust.

   15.   Pursuant to 11 U.S.C. §362(d)(1), further cause exists to grant Movants' Motion and to lift the automatic stay as Movant's interest in the Property is not adequately protected by a cushion of equity and the Movant is not receiving any payments from the Debtors with respect to the Property.

   16.   Based on the foregoing, respectfully requests that the Court grant them relief from stay so that they may proceed under non-bankruptcy law to enforce its rights and remedies in the Property including the right to proceed with their non-judicial foreclosure sale and/or the right to commence an unlawful detainer to recover possession of the Property, if necessary.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _18TH_ day of April, 2011, at _BEAVERTON_, _OREGON_.

   _____
   Rose Ngi, Declarant

---

5

DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY