UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Christopher L. Androkitis and Jennifer R. Androkitis | Case No : | 08−30690 − E − 13L |
| | | Date : | 6/7/11 |
| | | Time : | 1:30 |
| Matter : | [30] − Motion for Relief from Automatic Stay [NLG−1] Filed by Creditor IBM Lender Business Process Services, Inc (Fee Paid $150) (abas) | | |
| Judge : | Ronald H. Sargis | | |
| Courtroom Deputy : | Janet Larson | | |
| Reporter : | Diamond Reporters | | |
| Department : | E | | |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Creditor's Attorney − Nichole Glowin
**Respondent(s) :**
    Debtor(s) Attorney − Stephen A. Koonce
    Neil Enmark (for the Trustee)

MOTION was :
Denied without prejudice
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 9014−1(f)(1) Motion − Opposition Filed.

Proper Notice Provided. The Proof of Service filed on April 19, 2011, and supplemented to correct the date of the hearing on May 4, 2011, states that the Motion and supporting pleadings were served on Debtors, Debtors Attorney, Chapter 13 Trustee, other parties in interest, and Office of the United States Trustee. By the courts calculation, 34 days notice was provided.

The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1). The Debtors filed timely written opposition.

The courts decision is to deny the Motion for Relief from the Automatic Stay without prejudice.

IBM Lender Business Process Services, Inc. seeks relief from the automatic stay with respect to the real property commonly known as 1505 Rundel Way, Roseville, California. The moving party has provided the Declaration of Rose Ngi to introduce evidence to authenticate the documents upon which it bases the claim and the obligation owed by the Debtors.

The Ngi Declaration states that the Debtors failed to make ten postpetition payments, with a total of $22,478.77 in postpetition payments past due. Specifically, Movant alleges that the Debtors have defaulted under the Note and confirmed Chapter 13 plan since January 2010 by failing to make the monthly mortgage payment and subsequent mortgage payments to Aurora.

The evidence provided to the court by Movant is, and only for purposes of this Motion for Relief, that the debt secured by this property is determined to be $387,648.77, as stated in the Ngi Declaration, while the value of the property is determined to be $360,000.00, as stated in Schedules A and D filed by Debtors.

Debtors oppose the motion arguing that they have made monthly payments of $1,333.00 each month since October 2009. These payments were made pursuant to a verbal loan modification agreement with Aurora Loan Services, the loan servicer at the time. As evidence of these payments, Debtors offer statements generated by their personal financial management software, bill payment confirmation from their credit union, and an IRS 1098 form showing $12,443.94 in mortgage interest payments by the Debtors during 2010.

The Debtors, however, have not addressed why this loan modification agreement was not properly documented, submitted to the court for approval as required by their Chapter 13 Plan and General Order 05-03, Paragraph 10, and what they have been doing with the additional disposable income. Further, the Debtors do not provide clear evidence of when the heretofore secret (to the court, creditors, and other parties in interest) loan modification was purportedly agreed to orally by the Debtors and Aurora.

The court also notes that the motion fails to provide a verified statement of postpetition payments that accrued and were received or state if Debtors were to be provided a statement, invoice, or other notice of their ongoing payment. See Local Bankr. R. 4001-1(d)(1). This is cause to deny the motion pursuant to 11 U.S.C. § 362(d)(1).

From the evidence provided, it is clear that Movants allegations are false on at least one point, the allegation that no payments have been made by the Debtors commencing in January 2010 and all subsequent months. Even more troubling is that Rose Ngi has testified under penalty of perjury that she has personal knowledge of the payments made by these Debtors. Ngi Declaration 2. Dckt. 32. Further, In or about January of 2010, Debtors defaulted under the terms of the Note and Deed of Trust and their Chapter 13 Plan by filing to make the monthly mortgage payment and subsequent mortgage payments to Aurora. Id. at 8. This conflicts with the 2010 Form 1098 issued by Movant stating that it receives payments of $12,443.94 from the Debtors on this loan which were applied to interest and $1,628.10 which was applied to property taxes. The court infers that the Movant truthfully and accurately completed and issued the Form 1098 which was provided to the Debtors and the Internal Revenue Service.

Though provided with the opportunity to reply to this information regarding the payments received in 2010, no reply was provided. This information directly contradicts Ms. Ngis testimony under penalty of perjury. This undisputed evidence puts in question all of the testimony provided by Ms. Ngi, as well as the allegations made by Movant.

The court will leave it to the U.S. Trustee, Chapter 13 Trustee, and Debtors to determine whether Ms. Ngis testimony under penalty of perjury was inadvertent, intentionally false, the result of signing a declaration without actually having personal knowledge or reviewing the books and records, or executed without any reading the declaration. The court takes very seriously the testimony provided under penalty of perjury and allegations made in Motions.

Correspondingly, the Debtors will also have to address the alleged existence of a secret loan modification, potential misrepresentation of their disposable income and monies which may have been diverted from creditors. Again, the court leaves the investigation of this situation to the U.S. Trustee, Chapter 13 Trustee, creditors, and other parties in interest. As with testimony provided in support of creditor motions, the court takes seriously the obligations of Chapter 13 Debtors, representations made to the court and creditors, and debtors complying with their good faith obligations.

The Motion also seeks an award of attorneys fees for the Motion for relief. Since 11 U.S.C. § 506(b) allows the award of attorneys fees as part of a secured claim only if the value of the collateral exceeds the debt secured by the property, this requests undercuts Movants contention that there is no equity in the collateral for the Debtors.

Based upon the conflicting evidence submitted, the conflicting allegations in the motion, and what appears to be testimony under penalty of perjury which is inaccurate, the court determines that the Movant has not carried its burden of proof in this contested matter. As such, the motion is denied without prejudice.

No other or additional relief is granted by the court.